1
2
3
4
5
6

**THE DISTRICT OF GUAM**

7
8
9
10
11
12
13

ROBERT JAY MARKS,

                        Plaintiff,

    vs.

LARS FILIP HELLMONT, DR. DEIDER NEUPER, as Trustee for BH Stiftung, and FUJITA PROPERTY GUAM, INC.,

                    Defendant.

CIVIL CASE NO. 19-000142


**ORDER ON PLAINTIFF'S MOTIONS TO SUPPLEMENT AND DEFENDANT'S MOTION TO FILE SUR-REPLY**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      This order relates to the three pending motions that relate to Defendant Fujita's pending motion to dismiss (ECF No. 37): Plaintiff's First Motion to Supplement the Record (ECF No. 54); Plaintiff's Second Motion to Supplement the Record (ECF No. 64); and Defendant Fujita's Motion for Leave to File a Sur-Reply (ECF No. 81). After further review, the court finds the briefing sufficient to rule on these motions, *see* Fed. R. Civ. P. 78(b), and for the reasons set forth below, will grant each motion.

      Defendant Fujita's pending motion to dismiss (ECF No. 37) concerns the "fraudulent joinder" rule. To determine whether the rule applies, a court must determine whether a plaintiff has failed to present any possibility of recovery against a defendant. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Without fully detailing the legal intricacies of Fujita's motion to dismiss here, Fujita contends Plaintiff cannot possibly recover against it, and thus the fraudulent joinder rule should apply. Plaintiff opposes the applicability of the fraudulent joinder rule as he believes he has some chance of recovering against Fujita.

In analyzing this question, the court is to determine if there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* at 549-50 (internal quotations omitted). Consequently, the court is to go "somewhat further" than merely examining the pleadings, and may consider affidavits or other evidence to determine if the joinder was a sham, including the consideration of "summary judgment-type evidence such as affidavits and deposition testimony." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (internal quotations omitted). "All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand" and a "lack of clear precedent does not render the joinder fraudulent." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

As summarized above, Plaintiff has filed two motions to supplement his opposition to Fujita's motion, and Defendant has filed a motion seeking leave to file a sur-reply. All these motions contain attachments and evidence which purportedly bear on the question of whether Plaintiff has some chance of recovery against Fujita. As Fujita has raised the issue of fraudulent joinder, the court finds it expedient to consider the evidence and arguments in the three pending motions.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's First Motion to Supplement the Record (ECF No. 54) is **GRANTED**; Plaintiff's Second Motion to Supplement the Record (ECF No. 64) is **GRANTED**; and Defendant Fujita's Motion for Leave to File a Sur-Reply (ECF No. 81) is **GRANTED**. Consequently, the hearing currently set for March 9, 2021 will only pertain to Fujita's motion to dismiss (ECF No. 37).

**SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
    **Dated: Mar 03, 2021**